# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JORGE CASTILLO BETHARTE,<br><br>         Petitioner,<br>v.<br><br>DALE SCHMIDT,<br><br>         Respondent. | Case No. 17-CV-1590-JPS<br><br><br><br>**ORDER** |

   On November 14, 2017, Jorge Castillo Betharte ("Betharte") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention in connection with removal proceedings. (Docket #1). The Court documented the factual and procedural history of this proceeding in its screening order. (Docket #5). Put simply, Betharte claims that his removal to Cuba has been interminably delayed, in violation of *Zadvydas v. Davis*, 533 U.S. 678, 682 (2001), and that his removal is in fact impossible, as there is no repatriation agreement between the United States and Cuba. *Id.* at 4.

   The Court permitted this action to proceed past screening and ordered Respondent, the Dodge County Sherriff, to provide reasons why Betharte's removal had not yet occurred. To that end, Respondent filed a legal brief and a declaration from deportation officer Michael Landmeier ("Landmeier") on December 20, 2017. (Docket #9, #10). Respondent contends that Betharte's petition is premature because the length of his detention has not yet exceeded the presumptively reasonable period and, in any event, his removal is reasonably foreseeable. *See Zadvydas*, 533 U.S. at 699-701. Landmeier secured travel documentation from Cuba allowing

Betharte to be removed imminently. (Docket #10 at 5). Betharte notified the Court on January 2, 2018, that his address had changed to a U.S. Immigration and Customs Enforcement detention center in Miami, Florida. (Docket #11). The Court has not heard from him since then.

On March 19, 2018, the Court learned from counsel for Respondent that Betharte has been removed from the country. Betharte's petition might be dismissed, then, on the basis that it is moot. *See Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) ("Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies."). But the Court need not reach mootness, because Betharte's petition must be denied for an independent reason: Betharte did not comply with the Court's order that he file a brief in support of his petition within thirty days of Respondent's responsive filing. *See* (Docket #5 at 6-7). The Court is therefore left with no basis on which to conclude that Betharte's removal is not reasonably foreseeable (indeed, it appears to have already happened). *Zadvydas*, 533 U.S. at 699–701. As a result, the Court must dismiss Betharte's petition.

Under Rule 11(a) of the Rules Governing Section 2254 Cases,[1] "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Betharte must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that

---

[1] Rule 1(b) of those Rules and Civil Local Rule 9(a)(2) give this Court the authority to apply the rules to other *habeas corpus* cases, including those arising under Section 2241.

the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). Further, when the Court has denied relief on procedural grounds, the petitioner must show that jurists of reason would find it debatable both that the "petition states a valid claim of the denial of a constitutional right" and that "the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). No reasonable jurists could debate whether Betharte's claims, which he failed to support with evidence or argument, have merit. As a consequence, the Court is compelled to deny him a certificate of appealability.

Finally, the Court closes with some information about the actions that Betharte may take if he wishes to challenge the Court's resolution of this case. This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within thirty (30) days of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See id.* 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *Id.* A party is expected to closely review all

applicable rules and determine what, if any, further action is appropriate in a case.

Accordingly,

**IT IS ORDERED** that Petitioner Jorge Castillo Betharte's petition for a writ of *habeas corpus* (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**; and

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 20th day of March, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge